UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                       Criminal No. 16-4222 WJ

HOWARD FRANCIS,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF VIOLATION OF SUPERVISED RELEASE

**THIS MATTER** comes before the Court upon Defendant's Motion for Reconsideration of Violation of Supervised Release (Doc. 102), filed December 10, 2021. Having reviewed the parties' pleadings and the applicable law, this Court **DENIES** the motion.

## BACKGROUND

On October 26, 2017, Defendant pled guilty to assault of an intimate partner by strangling, 18 U.S.C. §§ 1153 and 113(a)(8). He was sentenced to 30 months of incarceration followed by 3 years of supervised release. He began his term of supervised release on May 20, 2019. On September 29, 2021,[1] a Petition for the Revocation of Defendant's Supervised Release was filed based on the Laguna Tribal Police Department charging Defendant with Domestic Violence, Battery, False Imprisonment, Disorderly Conduct, and Maintaining or Creating a Public Nuisance. The charges stemmed from statements made by Jane Doe to police officers

---

[1] The Petition for Revocation was amended on October 6, 2021.

1

detailing a domestic assault that occurred in Defendant's home and car. On November 23, 2021, the Court held a hearing on the Petition at which the Government did not call Jane Doe to testify, but instead played video footage that showed her statements to the officers. Defendant objected to the admission of the hearsay evidence, but the Court determined that under Federal Rule of Criminal Procedure 32.1(b)(2)(C), the interest of justice did not require Jane Doe to appear as a witness and so the Court admitted the hearsay evidence. Based on the testimony of 3 witnesses and two exhibits, the Court found by a preponderance of the evidence that Defendant committed domestic violence and battery. Defendant then filed the instant Motion.

## **DISCUSSION**

Defendant requests this Court to reconsider its finding that he committed domestic violence and battery. Reconsideration of the judgment is "an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). A motion for reconsideration is not "a license for a losing party's attorney to get a 'second bite at the apple.'" *Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1998). Rather, a motion for reconsideration should be granted when necessary "to correct clear error or prevent manifest injustice," such as when a court has "misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Reconsideration will generally be denied unless the moving party can point to controlling decisions or factual data that the court overlooked. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2nd Cir. 1995).

Defendant argues the Court's finding violated Federal Rule of Criminal Procedure 32.1, Due Process, and the holdings in *United States v. Jones*, 818 F.3d 1091 (10th Cir. 2016) and *United States v. Henry*, 852 F.3d 1204 (10th Cir. 2017). As it pertains to Defendant's first two arguments,

the Court initially notes that hearings on the revocation of supervised release are "not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply." *Morrissey v. Brewer*, 408 U.S. 471, 489 (1971). Moreover, the Federal Rules of Evidence do not apply to hearings related to the revocation of supervised release. Fed. R. Evid. 1101(d)(3). As such, defendants do not have an absolute right to confront witnesses at a revocation of supervised release hearing. Nevertheless, a supervised releasee facing revocation must receive the "the minimum requirements of due process." *Morrissey*, 408 U.S. at 489. Federal Rule of Criminal Procedure 32.1 was amended in 2002 to codify the requisite due process guarantees at such hearings. *Jones*, 818 F.3d at 1099.

Rule 32.1(b)(2)(C) provides that a defendant has the opportunity to "question any adverse witness unless the court determines that the interest of justice does not require the witness to appear." To determine the interest of justice when hearsay evidence is offered at a revocation hearing, the Court balances the defendant's "interest in the constitutionally guaranteed right to confrontation" against "the government's good cause for denying it." *Jones*, 818 F.3d at 1099-1100. It should also assess the reliability of the hearsay evidence. *Id*. At Defendant's hearing, the Court noted the Government's explanation for not presenting Jane Doe as a witness was that she intends to testify in the separate, sovereign proceeding in tribal court that concerns Defendant's same alleged underlying conduct that gave rise to the revocation hearing. The Government refrained from calling Jane Doe at the revocation hearing to avoid interfering with the tribal court prosecution. The Court also assessed the reliability of Jane Doe's statements by noting they were captured on the officer's lapel camera, her statements given to different officers were consistent, and her description of the battery matched the visible injuries on her body. Indeed, Defendant certainly had an interest in cross examining Jane Doe regarding a text message she sent to

Defendant about an allegedly abusive ex-boyfriend, the lack of background noise indicating violence on the 911 call, the timeline of when her injuries were documented, and her failure to appear at a pretrial interview. In the end, however, the Court recognized Defendant's interest, especially given the potential consequences he faces, but found the Government's interest outweighed his. Based on the other evidence presented, which is not at issue in the present Motion, the Court concluded by a preponderance of the evidence that the Defendant committed domestic violence and battery. Because the Court properly weighed the Government and Defendant's interests along with the reliability of the statements, it followed the parameters of Rule 32.1 which provided the Defendant with minimum Due Process guarantees. Therefore, the Court did not commit clear error or manifest justice on this basis.

The Court next turns to Defendant's argument that its finding violated the holdings in *Henry* and *Jones*. Defendant perplexingly states, "The argument of dual sovereignty being good cause was [] rejected by the Tenth Circuit in *Henry* and *Jones* . . . " The *Henry* and *Jones* decisions make no mention of dual sovereignty. Both Courts remanded the cases on the basis that the trial court did not apply the proper Rule 32.1 balancing test. In *Henry*, the Court did not apply the balancing test whatsoever because *Jones* had not yet been decided. 852 F.3d at 1208. The *Jones* decision dealt with a federal and state prosecution, but in a very different manner than the case at hand—it did not raise the same dual sovereignty concerns. In *Jones*, the witness had previously refused to participate in a state prosecution and the charges were dropped. The Government then did not call the witness to testify at the later revocation hearing. In contrast to *Jones*, the Jane Doe victim in the instant case is actively participating in an ongoing tribal court prosecution. In other words, Jane Doe's testimony at the revocation hearing could impact the ongoing tribal case,

4

whereas the witness' testimony in *Jones* would have had no effect on the already-dismissed state prosecution.

Additionally, in *Jones*, the Court briefly discussed why the Government's proffered showing of good cause was insufficient. In that case, the Government asked the Court to infer that the witness refused to testify at the revocation hearing based on a fear of gang retaliation against her if she testified about a shooting. However, *Jones* set forth no evidence or reasoning that the witness refused to testify out of fear rather than, say, lack of knowledge. On the other hand, in the case at bar there's no question why the Government did not call Jane Doe to testify: there was an ongoing tribal court case regarding the same incident with which the Government did not want to interfere. Unlike in *Jones*, the Government does not ask the Court to make any inference whatsoever. Based on these circumstances, this position is proper regardless of whether or not the Government attempted to speak with or convince Jane Doe to testify prior to the revocation hearing. Finally, neither *Henry* nor *Jones* stands for the principle that the admission of hearsay evidence at a revocation hearing always, or even usually, is contrary to the interest of justice. In fact, *Henry* contemplated allowing such evidence in other scenarios. 852 F.3d at 1209 ("On remand, the district court's options remain considerable . . . It might conduct a Jones balancing test and determine the hearsay from absent witnesses was, indeed, properly considered in finding the second assault took place.").

For the foregoing reasons, Defendant has not demonstrated that the Court commit clear error or manifest injustice. **IT IS THEREFORE SO ORDERED** that Defendant's Motion for Reconsideration of Violation of Supervised Release (Doc. 102) is hereby **DENIED**.

WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE

5